Thank you. Good morning, Your Honor. May it please the Court, I'm Eric Alan Isaacson, representing plaintiff and appellant Judith Hatfield. I'm accompanied today by my colleagues Mark Solomon and Stacey Kaplan. I would like to reserve three minutes for my rebuttal. I'd also like to thank the Court for accommodating my schedule. I'd like to thank Mr. Graham as well for accommodating my schedule. I do appreciate that deeply. This is a case dealing with a statute of limitations issue. Judith Hatfield was a member of the Halifax Building Society, which went through a transaction, a conversion, in which it became a publicly traded company and members of the building association were to receive shares. Well, Americans or people with American addresses did not get the shares. The transaction agreement said that it was governed by English law. Under English law, she had six years to file suit. She filed suit within six years and did so in a New Jersey Superior Court. The district court held that By that time, the statute of limitations had already run in California some two years previously, correct? Well, the statute of Had it been brought in California, it would have been too late. If the action had been brought in California to assert California claims, rather than asserting claims governed by the six-year limitation period in the transfer agreement, you could say, yeah, hypothetically it would be barred. But the fact is that California courts will entertain an action under a foreign jurisdiction's limitations period that is longer than the California law if you're talking about applying the foreign law. Here we have an agreement that was entered into on Ms. Hatfield's behalf by fiduciaries at the Halifax Building Society saying that this is going to be governed by English law. English law has a six-year limitations period. The California Court of Appeals in Hamburg-Conquest says that an agreement like that incorporates the limitations period of the substantive law that's chosen. That would be six years. The defendants say that because six years is longer than some of the California limitations periods, the California courts would not hear the case. But the fact is that this Court has repeatedly held that a filing under a foreign substantive law that brings the foreign limitations period can be entertained in a California court. The issue isn't this court. It's what California courts would do. Well, it's this court applying California law. No, it's diversity. So we have to apply the California court. Absolutely. And that's what the court did in Ledesma, for example. That's what the court did in — No, when you said this court, it's not Federal law. It's State law. It's State law we're talking about. Absolutely. Absolutely. But in Ledesma's against Jack Stewart Produce, this court in 1987 applied Arizona's two-year limitations period to a personal injury action brought by a California plaintiff here in California when the limitations period on the California claim would have been barred by a one-year limitation. In Al-Muhammad v. Lee, 202-F3-1227, this court applied a six-year limitations period from New York's substantive law with respect to quantum merit claims that would have been barred by a two-year limitations period under California statute of limitation. So there's nothing abnormal or strange about that. Also, I think it's worth noting that Hendrick and Quist cites with approval and adopts as basically a statement of California law this court's holding in Wang. Wang was a case where California would have had a four-year limitations period. The agreement said this is going to be governed by Massachusetts law, which had a six-year period. The Ninth Circuit in Wang said, well, six years is the limitations period, even if California's is shorter. So Hendrick and Quist says that's California law. I think it's pretty clear that we don't have a problem filing this action on Ms. Hatfield's behalf under a transfer agreement that was negotiated for her benefit. I'd like to ask you about that. Where is the clear indication in the transfer agreement or in any of the other documents that she was intended to be covered by the limitations period that you are claiming? Well, the transfer agreement in the excerpt of record, tab 30, page 3, I think, says this agreement is governed by English law. Well, I think what you're looking at is investing members is defined as a person who at the relevant time had a share in the society. Yes, and she did. That's what I think Judge Graber is saying. And it says, So she stands in the shoes of the building society, which was an organization. She was a member of the agreements negotiated on her behalf. It says it's governed by English law. English law has a six-year limitations period. She filed timely in New Jersey, putting the defendants on notice of the claims. And that's the agreement. when you start looking at the issue of equitable tolling. The central purpose of the limitations period is to make sure the defendants get timely notice. In this instance, six years. They got that notice. Now, the New Jersey courts ---- I really, I'm not sure that I understand the core theory of your case. And I think you can make a difference here. I mean, I've read the complaint, lots of legal theories. But I'm not sure whether you're saying as a matter of English law, she had a right to this and she should be treated under the contract as someone entitled to get the shares. So it's a breach of contract type claim. Or whether the argument is one that says the company had a duty to her and it wasn't allowed to cut her out because the contract does cut her out. That still sounds like it's an English law claim. Or whether it's a claim that says she was fraudulently induced into voting in favor of this. I don't know that her vote would have made any difference. But anyway, she was fraudulently induced, a classic securities fraud type claim. What is your theory? We've got a number of theories. Well, yeah, but there's got to be a core to the case. And for the life of me, I can't figure out what the core theory is. The core of the case is that she had a right to get shares. The members of mutual society, mutual building society, are supposed to be equal, supposed to have rights of reciprocity and equality. And for the building society to cut out people with American addresses was a breach of fiduciary duty. It was a breach of English law in a number of ways. I think it was a breach of contract. And the materials that were sent to these folks did not make it clear what their rights were. They didn't get to see the transfer agreement. Indeed. See, that last part veers off into the different kind of claim. And did her vote make any difference? Did the vote of any of the American purported members make any difference? Did they need her vote to make this thing go through? Well, I guess that would get back to questions of causation that really aren't raised by the defendant's arguments below. I mean, the question here But they're certainly going to be raised about what kind of theory you're going to go to court on. There are going to be all kinds of issues raised below. You can bet on that. So I'm trying to figure out what kind of case is this in order to establish, is this really an English law case or should it be something viewed under California law? It's a breach of fiduciary duty. It's a breach of the obligations of the building society to treat her equally and fairly. It's based on breach of contract. As a member of the building society, she entered the basically contractual relationship on which she was going to be treated equally and fairly. And it's based on fraud as well. And Ned Lloyd, the California Supreme Court, held that if you've got a choice of law provision, it covers all of the claims, contract and tort. So I don't think we need to thrash through all of the various theories of liability that will develop below. Particularly not since we're on a pleading motion which is governed by Rule 8. I see my time has pretty much run. I'd like to reserve the rest of it. Definitely, you may save the rest for rebuttal. Mr. Graham? If I may please the Court, I'm Philip Graham representing Halifax. With me is Adam Paris. Regardless of the outcome of the argument that my opponents just made, in addition to proving that, which they have not done, but in addition to proving that the English law statute of limitation should apply, even if it did, unless the New Jersey case tolls the statute of limitation, this case below is still too late because it was brought eight and a half years after the underlying facts. Why is the New Jersey statute relevant? Isn't it really California law? It's not. It is California law. And that's why I want to address the Clemens decision by this Court in July, which was brought to the Court's attention by my Rule 28J. You're not relying on New Jersey law, but just the fact of bringing the New Jersey case. Correct. Whether that lawsuit tolls the time under California law. The question is whether the question of California law is whether the pendency of the New Jersey case tolls the statute of limitations in California. And the answer from Clemens, decided by the Ninth Circuit in July, is that there is no American-type tolling for an out-of-state case. There is no cross-jurisdictional tolling in California. So that a ---- But that's different than what California law. That's Federal law. No, Your Honor.  No, Your Honor. That was a case decided ---- No, Your Honor. It's a diversity case. Okay. It's a diversity case in which the Court concluded that the pendency of a breach of warranty claim, class action, in another State did not allow California  Because it wasn't applying California law. Yes, Your Honor. Because I read California law as that this is a simple equitable tolling case. It may be for Ms. Hatfield. But on the question of whether there can be a toll for the benefit of class members, Clemens controls. It was a diversity case. It reviewed the California cases. It said there were no California cases that permitted cross-jurisdictional tolling. It said that the majority of courts around the country did not recognize cross-jurisdictional tolling. But Hatfield is the plaintiff here. Correct, Your Honor. I mean, she may not be, in the end, be able to assert a class action. That is what I asked the Court to draw from the Clemens case, is that there is no American pipe class tolling, and that Judge Larson's decision, simply on the basis of Clemens without anything else, should be upheld with respect to the dismissal of the class. Now, that could leave Ms. Hatfield herself not under American ---- I mean, she's lost her American pipe tolling. Right. But she could have California law individual tolling, which would turn on equitable considerations. And as to that, we submit that Judge Larson's findings were correct. What he concluded, essentially, based on the whole record, which included not just the complaint, but the procedural history in New Jersey and in California, and his opportunity to have colloquy on two occasions with the lawyer who made the tactical decision to go to a New Jersey person in California. On the basis of all that, he ruled that forum shopping should not be rewarded in these circumstances. How were you prejudiced? It's not ---- we were prejudiced only in the sense of the passage of time, the stalling of the New Jersey cases. But the equitable tolling issue is a three-part test. First part is notice, and there's no question that the New Jersey case gave us notice. The second part is prejudice, and the prejudice would take more development. But the third part, and the important part, and the part that Judge Larson ruled on, was that the plaintiff has to have acted equitably in good faith and without what happened here, which was gaming the system. What was the gaming? They filed someplace they thought they could file. There were no cases in the whole line of cases on equitable tolling where somebody simply chooses another jurisdiction for tactical reasons. It's a national class action. To suggest that they're supposed to file in every state doesn't strike me as something that courts are incurring. Absolutely not, Your Honor. What this ---- what the plaintiff's counsel conceded to Judge Larson was they let the California statute pass. They waited until five years, 364 days after the underlying events. They filed in a suburban county in New Jersey with their California counsel. And by doing that, they made a tactical choice. Now, obviously, they can sue. And what advantage do they get as a result of that? Well, they sought the advantage of the New Jersey statute of limitations. Sure. But I don't see how they get an advantage by filing on year 5, 364, as opposed to year 2. I mean, they waited until the last possible minute, but a statute of limitations sets a deadline. And you turn your term paper in on the last day it's due, it's still on time. But if you then asked if you could write a second term paper, Your Honor. More importantly, if they had come in California, I could just see what you would have done. You would have argued the reverse of what you did in New Jersey. All right. They, you know, the California plaintiffs can bring this action. But everybody from outside of California can't. Well, no, Your Honor. And they should have brought the case to New Jersey. Absolutely not, Your Honor. If they brought the case within four years in California, they would have been within the statute. And, of course, members of class have to assert whatever statute is relevant to them, and that's a choice of law question down the road. Well, if the four-year statute applies, you're going to win. The premise of the argument has to be their claim that English law applies and it's six years. And if it is six years, then they don't gain anything by going to New Jersey because it could have filed in California at year six or year 364, and all they've done is file a single law suit instead of 50. So I'm still having trouble figuring out the advantage they've garnered. Correct, Your Honor, with respect to the choice of law clause, except for the Clemens case, which says that as to all absent class members, this case is over because none of them gets the benefit of tolling, and all of them are therefore out of court under any conceivable statute because it's been eight and a half years since the underlying events. As to Ms. Hatfield, if the equitable tolling applies to her, then the question is whether the English choice of law clause also applies to her. There are very few cases on this. The decision of this Court, and I believe it's pronounced de brise, said that this is obviously a question of contract interpretation. The leading State court case, Hamburg-Quist, that my opponent referred to, essentially said that in the choice of law clause before it, the natural reading was to include statute of limitations. That was a case where they chose an out-of-State shorter limitations period. The only case that lengthens the statute of limitations period by virtue of a choice of law clause is the Wang case, which is a Federal case and which did involve the policy issue of the uniformity of claims under ERISA by the plan manager. But the main point is that choice of law clauses are simply contract cases. And the question is, in each case, how should you read the contract? Should you read the intent of the parties as being to include a choice of statute of limitations? Kennedy, doesn't California courts, haven't they clearly stated, absent some clear indication otherwise, that it includes statute of limitations within the choice of law clause? I believe what the Hamburg-Quist says is that that's the natural reading of the clause. And perhaps it is. But as was discussed earlier in this case, where you have a case where the two parties to the contract are Halifax and Halifax, Halifax Building Society and Halifax PLC, and while they have created, under this complex agreement where they transfer their assets, certain rights for the individual depositors. And there's no question that Ms. Hatfield was an individual depositor. When it comes to the question of whether or not that intent included an intent to include an English law statute of limitations, that would be longer than what would otherwise apply. It makes no sense. Why would Halifax – if the question is what was the intent of Halifax Building Society and Halifax PLC when they adopted their choice of law clause? I'm missing the point. There's no evidence. An English law gives them six years. So, I mean, you want them to read as if it's the forum law wherever the lawsuit happens to be brought? That's a very strange – Correct. Well, that's the normal way it works. I mean, traditionally, statute of limitations has been governed by forum law. There are exceptions. California recognizes certain exceptions. But there's no reason to believe that when Halifax – assuming they adverted to this at all, when the lawyers for the two Halifax entities considered the choice of law clause – Suppose they brought the action in a state that gave them eight years. Would you be making the same argument? Or would you be arguing that the six-year English law controls? No, Your Honor. I think there are no eight-year statutes for Halifax. Well, I just want to tease out the logic of you. The general rule and the rule that most often makes sense is that statutes of limitations are procedural and governed by forum law. Oh, conflict of laws has moved and made them basically substantive. My time is up. Thank you. Thank you, counsel. There's a little rebuttal time remaining for you, Mr. Isaacson. Do you want to address the Clemens issue, please? Yes, I'd like to address the Clemens issue. Clemens is a case that was dealing with American pipe tolling, a Federal doctrine that California courts have indicated that they are willing to embrace. But where an action found in Illinois was deemed not to toll the limitations period with respect to an absent class member who was in California who did nothing to prosecute the other action and exercised no diligence at all. Ms. Hatfield, in this case, filed suit in New Jersey. I'm not talking about Ms. Hatfield. It's your class action claim. She filed in New Jersey on behalf of a class. And I don't think that there's anything in California law to indicate that she cannot file on behalf of a class again in California if she has done so and prosecuted the action diligently. Clemens says the opposite of that. Well, Clemens is dealing with somebody. It's our court's interpretation of California law. And whether it's right or wrong as a matter of California law, it binds this panel. Clemens' interpretation of California law binds us. Well, May's interpretation of California law binds you as well, and so does Davidson. And these are cases that indicate that a filing in another state does, in fact, have total limitations period for a subsequent filing in California by the person who filed in the other state. Hatfield filed a class action in New Jersey. She filed a class action in California. What the California opinion said ---- You would say, then, that no absent class member could file, but she can file and she can represent all the absent class members. Absent class members who had nothing to do with the prosecution of the initial matter can't apparently tack additional periods of toiling. Is it ever the case that a class can proceed if none of the absent class members could file themselves? Well, you're ---- Actually, there are instances where the courts have held that the filing of a class action does not necessarily total the limitations period for filing of subsequent class actions, depending on the circumstances. It goes from basically a question of whether the actions were deemed to be abusive or manipulative in some way, which I don't think this was. I would submit that Clemens does not cite any California decisions or principles when it says we haven't seen a California decision on this point. That doesn't matter. We're bound by it, whether it's right or wrong, aren't we? We're just another three-judge panel. We can't overrule it. We can't say it's wrong. I think you're bound by Davidson, which was an NBank panel that was binding on Clemens, and Davidson overruled a three-judge panel that said we're going to impose additional requirements beyond what California has imposed for tolling. So the implication of what you're saying is that the only way we can solve this problem is to go NBank in this case, because Clemens is the most recent and the clearest statement that, in this Court's view, California does not adopt the cross-jurisdictional tolling for class members. Well, there's a case ---- I don't think there's a conflict. I think it can be distinguished. If there is a conflict that you think that it's binding here, I would request that the Court sui sponte as per NBank re-hearing, because I think it conflicts with the principle ---- On a question of state law? I don't think we'd be very successful. It conflicts you ---- the Court went NBank and Davidson on a question of state law, exactly the same kind of question, because a panel had narrowly construed California's tolling doctrine, and it construed it in a way of dealing with the limitations of an action filed in one jurisdiction. Does it toll a limitations period in California? Mays, this Court said, yes, it does, even where the first action was dismissed for lack of personal jurisdiction. Thank you, counsel. I think we understand your position. Thank you very much, Your Honor. We appreciate the arguments of both counsel. They've been interesting and helpful, and the case just argued is submitted. Our next case on the docket is Weinstein v. Saturn Corporation. Thank you.
judges: Graber, Clifton, Trager